OPINION
Defendant Jerry L. Groves, appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which convicted and sentenced him for one count of rape in violation of R.C. 2907.02, after appellant changed his plea from not guilty to no contest. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT FOUND THAT THE STATEMENTS OF THE DEFENDANT/APPELLANT WERE NOT COERCED AND WERE MADE VOLUNTARILY.
Appellant filed a motion to suppress statements made to detectives of the Fairfield County Sheriff's Office, alleging he was not advised of his right to counsel nor of his right to remain silent. In fact, appellant's motion to suppress alleged appellant specifically asked Detective Del Sprague if he needed an attorney, to which Detective Sprague responded that the prosecutor had indicated she would not ask for prison time but rather counseling and probation, if appellant were prosecuted. The trial court held an extensive hearing on the motion to suppress. At the hearing, Detective Sprague testified appellant voluntarily came to the sheriff's department to discuss the allegations. The detective testified he did not place appellant under arrest, and informed him that as of then no charges or arrest warrants had been filed. Detective Sprague testified he mirandized appellant, and appellant did not ask for an attorney. Thereafter, Detective Sprague advised him of the allegations a minor child had made. Initially appellant denied the allegations, but thereafter made an inculpatory statement, in which he admitted fondling the child. Appellant denied any threat of force, but admitted he gave the child some money. Appellant indicated this had occurred on one or two occasions. Appellant also admitted giving the minor child's brother a note which offered money in exchange for sexual activity. Appellant denied any activity with this child. Appellant then voiced concerns about his family, and asked for a referral for counseling. Detective Sprague testified he advised appellant he would let the prosecutor know appellant had cooperated, and would recommend appellant and the victims get counseling. Detective Sprague testified his next contact with appellant was the day the charges were actually filed. Detective Sprague denied telling appellant he would not receive any prison time, and testified he advised appellant to make his own decision whether to seek counsel. Detective Sprague also testified he informed appellant of his Miranda rights. The detective testified he believed former law enforcement officers and deputy sheriffs, such as appellant, generally know the Miranda rights. Appellant also testified at the suppression hearing. Appellant testified Detective Sprague outweighed appellant by perhaps 100 pounds, and appellant felt under stress when he gave the incriminating statements to the detective. Appellant testified he believed he had no choice but to go to the detective bureau to discuss the charges, but conceded Detective Sprague never placed him under arrest at the time. Appellant testified the reason he stopped denying his involvement and implicated himself in criminal acts was because Detective Sprague told appellant he was going to talk to the prosecutor about getting counseling for appellant and the child. Appellant testified when he asked if he needed an attorney, Detective Sprague told him, "not at this time". Appellant testified he would not have made the statement had he known he could go to prison for it. Appellant also testified he was not mirandized, and if his rights had been read to him, he would have insisted on an attorney. Appellant conceded when he was a deputy he carried a Miranda card. On cross examination, appellant testified he had been a sheriff's deputy from 1973 to 1977, and he was able to recite the Miranda rights from memory. The trial court overruled appellant's motion to suppress on February 25, 1999. The court found appellant was not under arrest and came to the sheriff's office voluntarily. The court found appellant was not arrested either before or after his statement, and understood he was free to leave at any time. The court found the entire questioning took 10 to 15 minutes. The court also found appellant, as a former deputy sheriff, knew the Miranda warnings. The court concluded as a matter of law, and considering the totality of the circumstances, the statement appellant gave was not coerced, but rather was voluntary. The court overruled the motion to suppress, finding no constitutional violations. In State v. Barker (1978),53 Ohio St.2d 135, the Ohio Supreme Court set forth the test for determining whether a confession was involuntarily induced. The Supreme Court directed us to consider the totality of the circumstances, including the age, mentality, and criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement, Barker, syllabus one and two, citations deleted. We have reviewed the record, and we find the trial court did not err in finding appellant's statements were voluntary, and not coerced.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 __________________________________ GWIN, P.J.
FARMER, J., and MILLIGAN, V.J., concur.